[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 5, 1985 in Jacksonville, Florida. There are no minor children issue of this marriage. The plaintiff and defendant moved to Stamford, Connecticut in December, 1993. The court finds that the relationship of the parties began to deteriorate in January, 1994. They separated during 1994 and the plaintiff moved to Florida. The defendant continued to reside continuously in Connecticut until April, 1995 when he relocated to Chicago because of his employment.
The evidence indicates that the marriage has irretrievably broken down. The court finds that the cause for the breakdown of the parties' marriage arose after their moving to the State of Connecticut, and, therefore, this court has jurisdiction. Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
The plaintiff is 39 years of age, and the defendant is 36 years old. Both have master's degrees in business administration. The defendant is presently employed full time by Information Resources Incorporated as a Senior Vice-President of Logistics. The plaintiff is currently unemployed and has been diagnosed as having multiple sclerosis.
Both parties impressed the court as being bright, articulate and candid. It is regrettable that they were unable to work out their problems. The court finds each must share some responsibility for the failure of their relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81, and 46b-82
in reaching the decisions reflected in the orders that follow.
The following orders may enter:
(1) During his lifetime, the defendant shall pay to the plaintiff as periodic alimony the sum of $41,600 per annum. The payments may be made weekly ($800) or bi-weekly ($1,733.34) in accordance with the defendant's pay schedule with his employer. The pendente lite order shall cease and the new order shall commence with the defendant's first pay period following the date of this memorandum and shall continue until the death of the plaintiff, her remarriage or further order of the court terminates this CT Page 10442 obligation, whichever event first occurs. Upon request of either party, the court will conduct a hearing five years from the date of this judgment, if the plaintiff has not remarried, to determine whether the defendant's obligation to pay periodic alimony shall terminate or continue. At that hearing, the court shall consider the criteria in Connecticut General Statutes, Section 46b-82 in evaluating the situation of the parties at that time.
The purpose of the court's ordering a second look at the parties' situations in five years is to obtain a clearer picture of the state of the plaintiff's health and her ability to become gainfully employed.
The evidence at trial indicates that the plaintiff suffers from multiple sclerosis. The defendant disputes the severity of the plaintiff's condition and her claimed inability to work. Neither party presented medical evidence to assist the court in assessing the extent of the plaintiff's current disability and importantly whether her condition would improve or deteriorate in the future.
A contingent wage withholding order may enter.
(2) The plaintiff shall retain ownership of the following assets: the 1987 Acura automobile; her Northwest Mutual Life Insurance policy; the Barnett Bank checking account; the Dean Witter savings and IRA accounts.
(3) The defendant shall retain ownership of the following assets: the 1992 BMW automobile; his Fleet Bank checking and savings accounts; his life insurance policies; his three deferred compensation plans; his business expenses receivables.
(4) The defendant shall retain all his IRI stock options. However, if the defendant exercises any options during the five year period after the date of this memorandum, he shall pay to the plaintiff as an assignment of property, one-half of his net after tax, gain with a total maximum obligation to the plaintiff of $10,000. The defendant shall have no obligation for payments either for net gains over $20,000 or any gains after five years.
(5) The jointly owned GTE stock and Williams Buchanan accounts shall be equally divided between the parties. CT Page 10443
(6) The parties shall equally share the Federal and State income tax refunds due for the 1994 joint tax returns filed.
(7) The defendant shall pay to the plaintiff one-half of the security deposit on the Stamford apartment and one-half of the dividends received from GTE stock since April, 1994.
(8) Each party shall be solely responsible for the payment of the liabilities listed on her and his financial affidavit. In addition, the defendant shall be solely liable for the payment of his automobile loan and the joint obligation to North American Van Lines. He shall indemnify the plaintiff and hold her harmless from any liability for these two debts. Each party shall be responsible for his and her own counsel fees.
(9) The defendant shall continue to maintain medical insurance for the plaintiff through his employment, pursuant to the COBRA provisions, and shall pay any premium due thereon. Following the COBRA period, the defendant shall contribute as additional alimony one-half the cost of the annual premiums of medical insurance for the plaintiff, with the defendant's maximum obligations being $2000 per year.
(10) The defendant shall maintain life insurance in the amount of $340,000 and designate the plaintiff as beneficiary thereof for as long as the defendant is obligated to pay alimony to the plaintiff. The defendant shall authorize the life insurance carrier to keep the plaintiff informed of the status of the policy.
Judgment may enter accordingly.
NOVACK, J. CT Page 10444